UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENT J. SAUCEDO, | ) | CV F- 03-5183 REC DLB P |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | |
| EDWARD ALAMEIDA, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On June 5, 2003, the court dismissed plaintiff's original complaint with leave to amend. Pending before the Court is the amended complaint, filed July 7, 2003. On March 16, 2004, plaintiff filed a notice of appeal regarding this court's denial of his motion for appointment of counsel. The appeal was dismissed for lack of jurisdiction on June 17, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28

1  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
2  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
3  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

4        Plaintiff names the California Department of Corrections, the California Board of Prison
5  Terms, the City of Avenal, Edward Alameida, Warden Rowers, Dr. Smith, Chief Medical Officer
6  Davis, Appeals Coordinators Wilson and Whatley and various counselors at Avenal State Prison as
7  defendants in this action.  Plaintiff alleges that upon his arrival to Avenal State Prison in March
8  2002, his history of heart disease was noted and documented.  After several months, he received a
9  work assignment for kitchen detail.  He was then reassigned to a janitorial class.  Plaintiff contends
10 he received a serious rules violation when his instructor construed his complaints of shortness of
11 breath and dizziness as a refusal to work.  The serious rules violation was later dropped to an
12 administrative write up and plaintiff received 30 days added to his release date.

13       Plaintiff also contends that at his annual review, his custody level was decreased for good
14 conduct and he was cleared for "outside the perimeter fence" work detail.  He was subsequently
15 referred to the Institution Classification Committee and awarded "off reservation" work detail and
16 emergency fire fighter clearance.  However, upon arrival at his new job assignment, the supervising
17 officer noted plaintiff's heart disease and requested reclassification consistent with his noted medical
18 limitations.  Plaintiff alleges that he was improperly reclassified, without a medical evaluation and
19 given an assignment to kitchen detail.

20     A.    Section 1983 Claims Against the California Department of Corrections, the California
21         Board of Prison Terms and the City of Avenal.

22       The Eleventh Amendment prohibits federal courts from hearing suits brought against an
23 unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.
24 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996);
25 Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v.
26 State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits
27 against state agencies as well as those where the state itself is named as a defendant.  See Natural
28

Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections and the California Board of Prison Terms are state agencies, they are entitled to Eleventh Amendment immunity from suit. Plaintiff's section 1983 claims against these entities must therefore be dismissed.

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, to state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Here, plaintiff simply alleges that the City of Avenal had "a duty to uphold the law within its ordinance and protect plaintiff's constitutional rights." Plaintiff has failed to allege sufficient facts against the City of Avenal to state a claim for municipal liability.

B.   Defendant Edward Alameida.

Plaintiff alleges that as the Director of the Department of Corrections, Edward Alameida is the "respondeat superior." Plaintiff similarly names Warden Rowers based on a theory of respondeat superior. However, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

1  constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885
2  F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th
3  Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support
4  claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168
5  (1993).  Plaintiff has failed to allege facts supporting a claim of supervisorial liability against
6  defendants Alameida or Rowers.

  C. Drs. Smith and Davis.

Plaintiff alleges that Drs. Smith and Davis failed to properly evaluate him to determine the extent of his disability for purposes of work limitations.  Plaintiff alleges that based on a short examination and without running tests, Dr. Smith excluded him from the conservation camp because of his heart disease but stated that his heart disease did not constitute a disability.  Plaintiff alleges that Dr. Davis concurred with Dr. Smith's erroneous conclusion.  Plaintiff alleges he was thereby excluded from off reservation work detail and emergency fire fighter certification.  Plaintiff contends Drs. Smith and Davis' conduct amounted to deliberate indifference.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff has not sufficiently alleged that Dr. Smith or Dr. Davis "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at 837. Indeed, plaintiff acknowledges that both doctors examined him. Plainitff simply does not agree with their conclusions regarding his medical condition. Plaintiff's disagreement with the doctors' medical opinions does not amount to deliberate indifference and fails to rise to the level of a constitutional violation.

D. Defendants Wilson and Whatley.

Plaintiff sues defendants Wilson and Whatley based on their involvement in denying his inmate appeals and requests for accommodation based on his medical condition. Plaintiff alleges defendant Wilson failed to forward his request for accommodation to medical staff and therefore failed to perform his duties. Plaintiff alleges that defendant Whatley also improperly denied his appeal relating the failure of an MTA to give him his nitroglycerine.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. Plaintiff therefore fails to state cognizable claims against defendant Wilson and Whatley.

E. Section 1983 Claims Against Defendants Gomez, Rathwick, Cotta, Hoyt Guerzon and McCaghren.

Plaintiff alleges defendants Gomez, Rathwick, Cotta, Hoyt Guerzon and McCaghren were all involved in plaintiff's reclassification and the improper withdrawal of plaintiff's certification to

work outside the gate. Plaintiff alleges these defendants failed to follow California regulations in doing so and failed to refer him for medical evaluation.

Plaintiff does not have a liberty interest in his prison job,[1] Sandin v. Connor, 515 U.S. 472, 484 (1995), and plaintiff does not have a property interest in his job. See Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1995). Because plaintiff has neither a liberty interest nor a property interest in his prison job, plaintiff was not entitled to any procedural due process protections in conjunction with his removal. Further, plaintiff has alleged no facts that suggest that he was removed on a basis that infringed upon any constitutionally protected interests. Vignolo, 120 F.3d at 1077. Accordingly, plaintiff's allegations fail to give rise to a cognizable claim for relief under section 1983 for violation of the Due Process Clause, or for any other constitutional violation.[2]

Prisoners also have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Further, prisoners

---

[1] In Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

[2] "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

have no constitutional right to employment. Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997). Accordingly, absent a motive that implicates constitutional concerns, plaintiff's change in custody status, which led to the loss of his job, and his transfer to a less favorable facility do not give rise to a claim for relief under section 1983. Vignolo at 1077-78 (inmate's alleged removal from his prison job in retaliation for the exercise of constitutionally protected activity may state a claim for relief). Accordingly, plaintiff's allegations fail to give rise to any claims for relief under section 1983.

F.    Plaintiff's ADA Claim.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Here, plaintiff alleges that he was excluded from participation in CDC's conservation camps based solely on his heart condition in violation of the ADA. Plaintiff's allegations are sufficient to state a claim under the ADA against CDC and defendants Gomez, Rathwick, Cotta, Hoyt Guerzon and McCaghren in their official capacities. Pennsylvania v. Yeskey, 118 S.Ct. 1952 (1998) (ruling that Title II of ADA extends to the prison context in case where inmate brought action against prison officials alleging denial of admission to boot camp program on basis of disability); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir. 1997) (ruling that Title II of the ADA abrogates Eleventh Amendment immunity in action brought by prisoner against state officials in their official capacity); Duffy v. Riveland, 98 F.3d 447, 453-456 (9th Cir. 1996) (reversing grant of summary judgment in

favor of prison officials where there existed factual dispute as to qualifications of interpreter in action brought by deaf prisoner under Title II of the ADA and Rehabilitation Act).

      G.     Conclusion

In summary, the Court finds that plaintiff has stated a cognizable claim under the ADA but has failed to state any other cognizable claims for relief. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint as discussed in this order, if he wishes to do so. In the alternative, plaintiff may proceed on his ADA claim only. Failure to cure the deficiencies discussed in this order will result in a recommendation that this action proceed only on plaintiff's ADA claim.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff is granted thirty days from the date of service of this order in which to either advise the Court that he wishes to proceed only on his ADA claim or to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

1 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
2 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
3 copies of the amended complaint; failure to file an amended complaint in accordance with this order
4 will result in a recommendation that this action proceed only on plaintiff's ADA claim.

   IT IS SO ORDERED.

   Dated:   April 6, 2006             /s/ Dennis L. Beck
3b142a                                            UNITED STATES MAGISTRATE JUDGE