IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENT J. SAUCEDO, | ) | 1:03-cv-05183-AWI-DLB-P |
| Plaintiff, | ) | |
| v. | ) | **FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE** |
| EDWARD ALAMEIDA, et al., | ) | (Docs. 20 & 22) |
| Defendants. | ) | |

Plaintiff, Vincent J. Saucedo, is/was a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

On April 10, 2006, the court issued an order granting plaintiff thirty (30) days within which to either advise the court of his wish to proceed only on his ADA claim OR file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. On April 17, 2006, the United States Postal Service returned the order served on plaintiff. A notion on the envelope indicated: Name & CDC Number Do Not Match.

Therefore, court staff telephoned the CDC Locator Service to verify plaintiff's CDC number, and was advised that plaintiff's CDC number was, in fact, correct, and that plaintiff has been paroled.

Further, on June 2, 2006, the court issued an order reassigning this action to Judge Anthony W. Ishii (AWI) for all further proceedings in the place and instead of Judge Robert E. Coyle (REC), thereby changing the case number initials as captioned above.  On June 13, 2006, the United States Postal Service once again returned the order served on plaintiff.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  To date, plaintiff has not notified the court of his address change or otherwise been in contact with the court.  Absent such notice, service at a party's prior address is fully effective.  See Local Rule 83-182(f).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance

2

1  with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th
2  Cir. 1992) (dismissal for failure to comply with an order
3  requiring amendment of complaint); Carey v. King, 856 F.2d 1439,
4  1440-41 (9th Cir. 1988)(dismissal for failure to comply with
5  local rule requiring pro se plaintiffs to keep court apprised of
6  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th
7  Cir. 1987)(dismissal for failure to comply with court order);
8  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
9  (dismissal for failure to lack of prosecution and failure to
10 comply with local rules).
11     In determining whether to dismiss an action for lack of
12 prosecution, failure to obey a court order, or failure to comply
13 with local rules, the court must consider several factors: (1)
14 the public's interest in expeditious resolution of litigation;
15 (2) the court's need to manage its docket; (3) the risk of
16 prejudice to the defendants; (4) the public policy favoring
17 disposition of cases on their merits; and, (5) the availability
18 of less drastic alternatives.  Thompson, 782 F.2d at 831;
19 Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik,
20 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
21     In the instant case, the court finds that the public's
22 interest in expeditiously resolving this litigation and the
23 court's interest in managing the docket weigh in favor of
24 dismissal as this action has been pending since 2003.  The third
25 factor, risk of prejudice to defendants, also weighs in favor of
26 dismissal, since a presumption of injury arises from the
27 occurrence of unreasonable delay in prosecuting an action.
28 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The

fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED for plaintiff's failure to prosecute.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **eleven (11) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 28, 2006**              **/s/ Dennis L. Beck**
3c0hj8                                      UNITED STATES MAGISTRATE JUDGE

4